IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

LUIS ARTURO MORFIN,

      Plaintiff,

v.                                No. CIV 09-820 BB/KBM

HENDERSON HEAVY HAUL TRUCKING,
INC., and UNKNOWN DRIVER DOE,

      Defendants.

### MEMORANDUM OPINION
### IN SUPPORT OF ORDER OF DISMISSAL

**THIS MATTER** is before the Court on the motion of Henderson Heavy Haul [doc. 4], and the Court having reviewed all submissions of the parties, finds the motion well taken and it will be Granted.

### *Issue*

Defendant Henderson Heavy Haul Trucking ("HHHT") has filed for dismissal for a lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Plaintiff responds that HHHT does a sufficiently large portion of business in New Mexico to sustain general jurisdiction.

### *Standard of Review*

Normally in deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12, the Court looks to the specific allegations of the complaint to determine

whether they plausibly support a claim for relief.  *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008).  However, when considering a motion to dismiss for lack of jurisdiction, the Court has wide discretion to consider affidavits and other documents.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *Sunwest Silver, Inc. v. International Connection, Inc.*, 4 F. Supp. 2d 1284, 1285 (D.N.M. 1998) (Kelly J.).  Unless the jurisdiction claim is intertwined with the merits, this may be done without converting the motion to one for summary judgment.  *Holt, supra*, *Sizova v. National Inst. of Standards & Technology*, 282 F.3d 1320, 1324 (10th Cir. 2002).  As both sides submitted affidavits and other documents in support of their arguments on jurisdiction, each party has had an opportunity to submit evidence on the issue.  *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005).  The facts essential to a resolution are undisputed.

## *Discussion*

HHHT is a Colorado association with its principal place of business in Grand Junction, Colorado.  Plaintiff is a resident of New Mexico.  Plaintiff alleges that on March 26, 2007, a drilling rig owned by Plaintiff and being hauled by HHHT was damaged in an accident on Highway 70 in Utah.  (Compl. at ¶¶ 1, 11).

### *Specific Jurisdiction*

Given its Colorado location, there is no question HHHT frequently used state highways as well as the interstate system to haul large equipment into and through New

Mexico. Hauling large equipment on a one-time basis into New Mexico, even if it is only less than 5% of Defendant's overall business, could be construed to be "the transaction of any business within the state of New Mexico." NMSA § 38-1-6A(1). However, New Mexico's long-arm statute also requires that "the cause of action arise[] from" the transaction of such business. *Campos Enters., Inc. v. Edwin K. Williams & Co.*, 964 P.2d 855, 859 (N.M. App. 1998); *Visarraga v. Gates Rubber Co.*, 717 P.2d 596, 599 (N.M. App. 1986). Plaintiff cannot meet this standard.

HHHT, a Colorado corporation with its principal place of business in Grand Junction, agreed with Tidewater Oil and Gas Company, LLC, a Colorado limited liability company, to haul a rig from one location in Utah to another location in Utah. During this haul the rig never left Utah. HHHT's driver, a Colorado resident, had an accident while hauling the rig in Utah. The only connection with New Mexico is the fact Plaintiff is a New Mexico resident and so presumably suffered damages here. This is an insufficient basis for jurisdiction under the New Mexico long-arm statute. *Tarango v. Pastrana*, 616 P.2d 440, 441 (N.M. App. 1980).

The Tenth Circuit interpreted the Oklahoma long-arm statute against an analogous factual backdrop in *George v. Strick Corporation*, 496 F.2d 10 (10th Cir. 1974). Plaintiff's decedent therein picked up a trailer manufactured by Defendant Strick in Albuquerque. A highway accident in New Mexico allegedly caused by defective brakes resulted in decedent's death and serious injury to his passenger.

3

Plaintiffs filed a diversity suit in Oklahoma and attempted service under Oklahoma's long-arm statute. The United States District Court dismissed for a lack of jurisdiction. In affirming, the Tenth Circuit said:

> Strick moved to dismiss, alleging insufficient service to confer in personam jurisdiction, pointing out that the accident did not occur in Oklahoma, that Strick was not licensed to do business in the state and that the cause of action did not arise out of any of its activities within the State of Oklahoma. Plaintiffs, however, base their jurisdictional claim upon the admitted fact that prior to and after the accident in question Strick Corporation sold a quantity of its trailers to Lee Way Motor Freight of Oklahoma City; that it was therefore 'doing business' in Oklahoma and amenable to service of process under § 1701.01 et seq., even though such business was wholly unrelated to the asserted cause of action.
>
> Assuming arguendo that Strick's sales of trailers to Lee Way constituted the 'transaction (of) any business' within the State of Oklahoma, the threshold and we think decisive issue is whether § 1701.03 requires that the asserted cause of action arise from Strick's activities within the state. We are of the opinion that this section of the statute as authoritatively interpreted by *Cresent Corporation v. Martin*, 443 P.2d 111, 113 (Okl. 1968), clearly does require that the cause of action arise from activities within the state and affirm the judgment.

496 F.2d at 12,

*General jurisdiction*

Plaintiff served HHHT pursuant to New Mexico's long-arm statute. The long-arm statute in New Mexico is coextensive with the Due Process Clause. *See Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 48 P.3d 50, 54-55 (N.M. 2002). The initial threshold to satisfy due process is that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court

4

there." *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). Second, "if the defendant's actions create sufficient minimum contacts, [the Court] must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quotations omitted); *see also Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984).

In determining whether a defendant has established sufficient minimum contacts with the forum state, the defendant must "purposefully avail[] itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 455 (10th Cir. 1996). A defendant's contacts are sufficient if "the defendant purposefully directed its activities at residents for the forum, and ... the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state." *OMI*, 149 F.3d at 1091 (quotations, citations, and emphasis omitted); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "Under general jurisdiction, a non-resident defendant may be subject to a state's jurisdiction even where the alleged injury is unrelated to the defendant's contacts with the forum state. If the defendant's contacts with the state are strong enough, the state may assert jurisdiction over the defendant on *any* matter, whether or not it arises out of the defendant's contacts with

5

the state." *Doe v. National Med. Servs.*, 974 F.2d 143, 146 (10th Cir. 1992); *see also Perkins v. Benquet Consol. Mining Co.*, 342 U.S. 437, 446 (1952).

It is Plaintiff's position that "during all times relevant to the legal claims asserted in the Complaint, [HHHT] continuously and systematically focused an extremely large portion of its business activities on the Farmington area oil and gas industry." (Pl.'s Resp. Mem. p. 3). In considering whether due process will permit long-arm service under the concept of general jurisdiction, the Tenth Circuit has considered such things as: (1) whether the defendant solicits business in the forum through a local office or agents; (2) whether agents solicit local business on a regular basis; (3) the extent to which defendant projects itself as available for local business through advertising local listings or bank accounts; and (4) the volume of local business conducted by defendant. *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001).

It is undisputed that HHHT had no local office or agents or bank accounts in New Mexico in 2007. HHHT was listed in Don's Directory which provided "information about different companies that provide services to the oil and gas industry in the intermountain area" which includes New Mexico. (Pl.'s Resp. Mem. p 3). HHHT operates in 48 states as well as southern Canada and is primarily engaged in hauling mining and construction equipment. In 2007, approximately 20% of its total business involved hauling oil and gas equipment. (Steed dep. p. 3). HHHT's oil and gas operations in early 2007 were focused primarily in the Colorado, Southern Wyoming,

and Utah area and "occasionally into northern New Mexico." (Steed dep. p. 9). Although it hauled heavy equipment in all the 48 contiguous states in 2007, New Mexico consistently ranked in the top five or six for mileage in its 2007 quarterly reports. The hauling HHHT did in the Farmington area was "done for customers that are not based there." (Steed dep. p. 27). HHHT gets business through word of mouth and businesses call John Steed in Grand Junction and ask him to bid on hauling very large equipment from one site to another. (Steed dep. p. 18). While HHHT hauled several pieces of equipment to the Farmington area during 2007, it was not doing any hauling for New Mexico-based companies.

*Zavala v. El Paso County Hospital District*, 172 P.2d 173 (N.M. App. 2007), provides guidance on whether HHHT had the requisite minimum contacts with New Mexico to satisfy due process. The *Zavala* court recognized that a cause of action need not arise out of defendant's contacts with the state if a defendant has "continuous and systematic contacts with [New Mexico] such that the defendant could reasonably foresee being haled into court in that state for any matter." 172 P.3d at 179 (quoting *Anthem Ins. Cos. v. Tenet Healthcare Corp.*, 730 N.E.2d 1227, 1234 (Ind. 2000)). As personal representatives of their deceased daughter, Nicole, the Zavalas sued an El Paso hospital which treated her when she was transferred there from the Las Cruces Medical Center. The Zavalas pointed out the El Paso hospital had a transfer agreement with the Las Cruces hospital and that New Mexico patients were the source of 7% of

7

the El Paso hospital's income.  They also argued the El Paso facility had a website available to New Mexicans and was registered as a New Mexico medicaid provider and regional trauma center.  The El Paso hospital countered it did not advertise in New Mexico and it was merely the passive recipient of New Mexicans who chose to avail themselves of its services.  172 P.3d at 180.  In affirming the district court's dismissal for lack of jurisdiction, the Court of Appeals discounted the percentage of business the El Paso hospital obtained from New Mexico hospitals saying:

> Notably, Plaintiffs have presented no evidence that Hospital intentionally solicited New Mexico patients. ...
>
> We are therefore not convinced that the number of New Mexico patients Hospital treats indicates that it purposefully attracted those patients.  Although it may be a factor to consider, treatment of some New Mexico patients is not in itself sufficient to support the exercise of personal jurisdiction over Hospital.

172 P.3d at 180.  The Court of Appeals also concluded that the transfer agreement did not make it "more likely that patients would be transferred between hospitals, we cannot say that this contact with New Mexico was substantial, much less 'continuous and systematic.'" 172 P.3d at 182 (quoting *Perkins v. Benquet Consol. Mining Co.*, 342 U.S. at 447-48).  Finally, the appellate court said, "[w]e cannot justify the exercise of personal jurisdiction based solely upon a close proximity between Hospital and New Mexico and the contacts that arise from such proximity."  172 P.3d at 183.

In the instant case HHHT did intentionally place a listing in a regional directory available to New Mexicans, but otherwise its contacts with the state were analogous to

those of *El Paso County Hospital District* and *Zavala*.  As the Court of Appeals concluded therein, "[e]ven if we were to conclude that these contacts taken together would be sufficient to support general jurisdiction, we nonetheless conclude that principles of fundamental fairness do not permit the exercise of personal jurisdiction over [HHHT]."  *See also Helicopteros Nacionales*, 466 U.S. at 415-16.  This Court lacks jurisdiction over HHHT, and the New Mexico long-arm statute is not a proper basis of service herein.

_____
**BRUCE D. BLACK**
United States District Judge